IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HECTOR ELMORE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-12-209-W |
| | ) |
| WARDEN, F.C.I., EL RENO, | ) |
| | ) |
| Respondent. | ) |

### REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing *pro se*, brings this action under 28 U.S.C. § 2241 seeking a writ of habeas corpus. Pursuant to an order by United States District Judge Lee R. West, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). By his Petition, Petitioner seeks an order from this Court that he be allowed to "void" a previous waiver of his right to extradition proceedings because the State of New Mexico has allegedly violated the Interstate Agreement on Detainers Act (IADA). Currently before the Court is Petitioner's Motion for A Preliminary Injunction [Doc. No. 2], by which he seeks an injunction prohibiting the State of New Mexico from extraditing Petitioner until this action is resolved. For the following reasons, it is recommended that the motion for preliminary injunction be denied as moot and that the action be dismissed without prejudice for Petitioner's failure to comply with Local Civil Rule 5.4.

**I. INTRODUCTION**

At the time the petition was filed, Petitioner alleged that he was detained at the Federal Correctional Institution in El Reno, Oklahoma (FCI-El Reno). Petition, ¶ 1. Although he does not provide information as to the court of conviction or date thereof, he alleges that he is currently serving a 36-month sentence for possession of marijuana with intent to "deliver." Petition, ¶ 3. He states that his present discharge date is July 23, 2013. *Id.* The sole ground in the Petition relates to a detainer apparently lodged by Lea County, New Mexico. Petition, ¶ 4 and Addendum 1. Petitioner alleges that as part of an agreement he made under the IADA, he waived his right to extradition proceedings. Petition, ¶¶ 4, 11. In referencing his agreement, Petitioner cites to "Addendum 2" of the Petition; however, Addendum 2 contains only a "message to staff" in which Petitioner refers to an agreement in which he "waived certain rights in this agreement upon certain conditions." Petitioner states that he is not seeking dismissal of the New Mexico charges, but a declaration that this waiver of extradition rights is void due to New Mexico's failure to bring him to trial on the detainer charges within the IADA's 180-day period.

**II. DISCUSSION**

On February 27, 2012, an Order to Cure Deficiency was entered, noting that Petitioner had neither paid the filing fee in accordance with 28 U.S.C. § 1914 and Local Civil Rule 3.2 nor submitted a motion for leave to proceed *in forma pauperis* in accordance with 28 U.S.C. § 1915(a)(1). [Doc. No. 5]. Petitioner was directed to cure the deficiencies by March 20, 2012, or risk dismissal of his action. On March 16, 2012,

Petitioner paid the $5.00 filing fee. [Doc. No. 6]. However, a receipt for this payment sent by the Clerk of Court that same day was returned as "Undeliverable, Unable to Forward." [Doc. No. 7]. Petitioner has not filed a change of address. Moreover, a check of the Federal Bureau of Prisons (BOP) Inmate Locator shows that Petitioner is no longer in BOP custody. http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList =false&IDType=IRN&IDNumber=64160-280&x=80&y=17 (accessed July 17, 2012).

### A. Motion for Preliminary Injunction

In light of the foregoing, it is recommended that Petitioner's Motion for Preliminary Injunction be denied as moot. The only relief Petitioner sought from the Respondent, the Warden of FCI-El Reno, was an injunction prohibiting the warden from releasing Petitioner into the custody of the State of New Mexico. Because Petitioner is no longer in Federal custody, this relief is obviously not available. *Thompson v. Terrell,* No. 06-3237, 209 Fed.Appx. 852, 854-855 (10th Cir. Dec. 26, 2006) (*citing Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12 (1992) and *Fredette v. Hemingway*, No. 02-1884, 65 Fed.Appx. 929, 931 (6th Cir. Apr. 1, 2003) (prisoner's petition for injunctive relief seeking prevention of transfer from federal to state custody under state detainer mooted by his transfer, and thus court unable to grant relief requested)).

### B.  Failure to Comply with Local Civil Rule 5.4

Moreover, Petitioner's failure to advise the Court of his change of address provides grounds for dismissal without prejudice.   Such notification is necessary under Local Civil

Rule 5.4. *See Theede v. United States Department of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999) (stating that all litigants, including those acting pro se, "bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change"). In the absence of such notification, court orders are deemed delivered upon mailing to the petitioner's last known address. *See* Local Civil Rule 5.4. If the Court cannot locate a petitioner because of his violation of Local Civil Rule 5.4, the Clerk will be unable to notify him of deadlines or hearings, and this circumstance alone can merit summary dismissal of the action for failure to prosecute and to comply with the Court's orders. *See Young v. Sullivan*, No. 91-2182, 1992 WL 7445 (10th Cir. Jan. 15, 1992) (upholding dismissal of habeas action for failure to prosecute). Accordingly, it is recommended that this action be dismissed without prejudice for Petitioner's failure to keep the Court apprised of his current address.

## **RECOMMENDATION**

For these reasons, the undersigned recommends that Plaintiff's Motion for Preliminary Injunction [Doc. No. 2] be denied as moot, and that the action be dismissed without prejudice for Petitioner's failure to prosecute and to comply with Court rules. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **August 15, 2012**, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation serves as a waiver of his right to appellate review of both factual and legal questions contained herein. *Moore v. United States,* 950 F.2d 656 (10th

Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 26th day of July, 2012.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE